**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES D. COFFIN,**

**Plaintiff,**

**v.** **1:16-cv-968 (TJM/DEP)**

**TRACY PENTAK, NEW YORK STATE INFORMATION TECHNOLOGY SERVICES, and NEW YORK STATE DEPARTMENT OF CIVIL SERVICE,**

**Defendants.**

---

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

Before the Court is the motion to dismiss of Defendants New York State Information Technology Services and New York State Department of Civil Service. See dkt. # 16.[1] The parties have briefed the issues and the Court has determined to decide the matter without oral argument. For the reasons stated below, Defendant's motion will be granted.

## I. BACKGROUND[2]

This case concerns discrimination that Plaintiff allegedly experienced during his

[1] The docket reflects that Defendant Tracy Pentak has not yet been served with the Complaint. The claims against her are not the subject of this decision.

[2] For the purposes of this motion, the factual allegations in the Complaint are assumed to be true. See Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).

employment with Defendant New York State Office of Information Technology Services. Plaintiff, proceeding *pro se*, filed the instant Complaint on August 3, 2016. See dkt. # 1. He used a form provided by the Clerk's office, checking off a box that stated that the action was brought pursuant to "Title VII of the Civil Rights Act of 1964 . . . for employment discrimination based on race, color, religion, sex or national origin." Id. at ¶ 4. Asked to explain the type of discrimination he experienced, Plaintiff checked the box labeled "other" and wrote in "disability." Id. at ¶ 6. He claimed that he had been a victim of a failure to promote and a reduction in wages. Id. at ¶ 7.

The "facts" section of the Complaint alleges that Plaintiff had been given a 55B/C status through New York State Civil Service procedures. Id. at ¶ 8(1). Such status classified him as "a Special Needs/Disabled Person." Id. Beginning in November, 2012, New York State began to restructure the Office of Information Technology Services, where Plaintiff worked. Id. at ¶ 8(2). This restructuring led to "reclassification of all jobs and titles including job duties and salaries." Id. at ¶ 8(2). On March 19, 2015, Plaintiff received an upgrade from his Grade 6 position to a Grade 12 position as a result of reclassification. Id. at ¶ 8(4). When he received his new job duties on April 30, 2015, Plaintiff discovered that he had not been given "duties commensurate with a Grade 12 position[.]" Id. Plaintiff's first cause of action alleges that this promotion was rescinded "a few months later." Id. at ¶ 9. Plaintiff also alleges that he was denied a promotion to Grade 14 in March 2015. Id. at ¶ 8(4). He contends that this failure to promote "was based on [his] disability." Id. Plaintiff's Complaint seeks reinstatement to the Grade 12 position, back pay, and consideration for promotion to Grade 14. Id. at ¶ 15.

Plaintiff contends that he filed a discrimination complaint with the New York State Division of Human Rights or the Equal Employment Opportunity Commission on December 15, 2015, and that he received a right-to-sue letter on June 13, 2016. Id. at ¶¶ 10-11.

## II. LEGAL STANDARD

Defendants have filed motions to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) permits a party to seek dismissal of a claim for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden to prove such jurisdiction by a preponderance of the evidence. Mastafa v. Chevron Corp., 770 F.3d 170, 177 (2d Cir. 2014). "'In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor the party asserting jurisdiction.'" Fountain v. Karim, 838 F.3d 129, 134 (2d Cir. 2016) (quoting Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d. Cir. 2014)).

On a Rule 12(b)(6) motion, the Court must accept "all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009) (internal quotation marks omitted). This tenet does not apply to legal conclusions, non-factual matter, or "conclusory statements" set forth in a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility" when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. When, as here, the Plaintiff proceeds *pro se*, the Court will construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may also review "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); see Jenkins v. Cty. of Washington, 126 F. Supp. 3d 255, 274 (N.D.N.Y. 2015); Chambers v. Time Warner, 282 F.3d 147, 153, n.3 (2d Cir. 2002)("[T]he court may [also] . . . consider . . . any documents relied on and/or referenced in the complaint (even if those documents are not attached to the complaint, if those documents are provided by defendants in their motion to dismiss)[.]").

## III. ANALYSIS

As a preliminary matter, the Court finds that Plaintiff seeks to bring his claims pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and

will construe the Complaint as one brought pursuant to that Act. Plaintiff's Complaint alleges that his claims are brought pursuant to Title VII of the Civil Rights Act of 1964. The Complaint clearly alleges, however, that the discrimination he faced came because of a disability, and not because of race, gender, or ethnicity. Such a claim arises under the ADA. In arguing against Defendants' motion, moreover, Plaintiff contends that he is entitled to recover under the ADA because he suffered employment discrimination because of his disability. The Court will therefore consider Plaintiff's claims as brought pursuant to the ADA, since a court is to "'liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" Harris v. Miller, 818 F.3d 49, 56 (2d Cir. 2016)(quoting Harris v. Fischer, No. 11 Civ. 6260, 2014 U.S. Dist. LEXIS 107503, at * 13 (S.D.N.Y. Aug. 1, 2014)).

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public service programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." Tennessee v. Lane, 541 U.S. 509, 516-517 (2004). Plaintiff has not stated a claim under Title II of the ADA, and could not state such a claim. Employment discrimination claims are limited to claims under Title I of the ADA. See, e.g. Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 171 (2d Cir. 2013) (finding that "a public employee may not bring a Title II claim against his or her employer, at least when the defendant employer employs fifteen or more employees"). Plaintiff's claim is for employment discrimination. He alleges that his employers discriminated against him by rescinding his promotion and preventing his advancement

because of his disability.

"The Eleventh Amendment provides that '[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (quoting U.S. Const., amend. XI.). The Amendment recognizes that States maintain sovereign immunity. Woods, 466 F.3d at 236. Such immunity extends to state agencies like the Defendants here, which are arms of the state. Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004). The Amendment has been interpreted to prohibit suits in federal court against a state brought by a state's own citizens. Woods, 466 F.3d at 236 (citing Hans v. Louisiana, 134 U.S. 1, 15 (1890).). "Congress can abrogate a State's sovereign immunity when it does so pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." Lane, 541 U.S. at 518.

Congress did not abrogate sovereign immunity under Title I of the ADA. Bd. of Trs. of the Univ. of Ala. v. Garret, 531 U.S. 356, 370 (2001). To proceed under Title I of the ADA while abrogating sovereign immunity, a plaintiff's complaint would need to support a claim for "prospective injunctive relief against an individual in his or her official capacity under the exception to sovereign immunity set forth in Ex Parte Young, 209 U.S. 123, 128 (1908)." Finch v. N.Y. State Office of Children & Family Servs., 2012 WL 2866253 at 4 (S.D.N.Y. 2012) (citing Bd. of Trs. of the Univ. of Ala. v. Garret, 531 U.S. at 374 (2001).

Plaintiff's employment discrimination claims, which necessarily arise under Title I

of the ADA, are claims against arms of the State of New York. Plaintiff seeks damages, not prospective injunctive relief against an individual. Plaintiff's claims therefore fail to satisfy the recognized exception to sovereign immunity for a Title I claim. As Plaintiff's Complaint can be construed only to raise Title I ADA claims against the moving Defendants, their motion must be granted and the case dismissed against them with prejudice.

## V. CONCLUSION

For the reasons stated above, the motion to dismiss of Defendants New York State Information Technology Services and New York State Department of Civil Service, dkt. # 16, is hereby GRANTED with prejudice.

**IT IS SO ORDERED.**

**Dated:** December 30, 2016

Thomas J. McAvoy
Senior, U.S. District Judge